UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Lori James,** | ) | **CASE NO.  1:14 CV 1138** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Diamond Products Limited, et al,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Dismiss Plaintiff's Second Cause of Action and Claim for Punitive Damages (Doc. 5).  This case arises under the Family Medical Leave Act (FMLA).  For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Lori James filed her Complaint against defendants Diamond Products Limited and Ray Vargas[1].  The Complaint sets forth two claims. In Count One, plaintiff alleges the following. Plaintiff was an employee of defendants from November 2007 until her termination in

---

[1] Defendants assert that the correct spelling of this defendant's name is Roy Varga.

1

August 2012. Plaintiff was an eligible employee under the FMLA. Plaintiff's husband had a serious health condition which required constant pain management and observation. On August 27, 2012, plaintiff requested leave, including intermittent leave, to take care of her husband. Defendants immediately terminated her without discussing her situation and despite the fact that she had some leave available to her. Had defendants discussed the situation with plaintiff, they would have learned that plaintiff's daughter had asked for a change in shift at her place of employment so that she could care for her father. Defendants denied her the rights afforded by the FMLA and interfered with the exercise of those rights by terminating plaintiff without discussing her situation.

Count Two asserts that it is brought under Ohio law and "has the same nucleus of facts as those set forth" in Count One. Plaintiff alleges that she "had the right to request time off to care for her husband under federal law, as well as her contractual rights as an employee of the Defendant Diamond Products, which included vacation, personal and sick leave." Plaintiff was terminated by defendants because she requested the time off to care for her husband. Defendants' act of terminating plaintiff "when she had a right to such leave amounted to a wrongful discharge." As to this claim, plaintiff seeks, *inter alia,* punitive damages.

This matter is now before the Court upon defendants' Motion to Dismiss Plaintiff's Second Cause of Action and Claim for Punitive Damages.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v.*

*Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

Defendants seek dismissal of the wrongful discharge claim and plaintiff's claim for punitive damages. Defendants argue that plaintiff is barred from simultaneously asserting a claim for wrongful discharge and/or punitive damages when she has set forth a claim under the FMLA. For the following reasons, this Court agrees that dismissal of the wrongful discharge claim

3

asserted in Count Two and request for punitive damages is warranted.

Count Two is predicated on the same facts as Count One, the FMLA claim. Plaintiff expressly states that Count Two has "the same nucleus of facts" as Count One. In Count Two, plaintiff alleges that despite the fact that she had the right under federal law to request time off to care for her husband, plaintiff was terminated for her request and this amounted to wrongful discharge.

In *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240 (2002), "the Ohio Supreme Court concluded that because 'the statutory remedies in the FMLA adequately protect the public policy embedded in the [FMLA],' a case alleging a violation of the FMLA could not establish the requisite elements of a claim of wrongful discharge in violation of public policy." *Morris v. Family Dollar Stores of Ohio, Inc.,* 320 Fed.Appx. 330 (6th Cir. 2009). *See also Morr v. Kamco Industries, Inc.,* 548 F.Supp.2d 472 (N.D.Ohio 2008) ("Plaintiff's wrongful discharge claim fails as a matter of law because it is based entirely on her allegation that [defendant] violated the FMLA... the Ohio Supreme Court has explicitly failed to recognize a cause of action for wrongful discharge when it is based on a violation of the FMLA...")

Plaintiff argues that she has asserted a claim "separate and apart from her rights under FMLA" given that she alleges in her Complaint, "Plaintiff had the right to request time off to care for her husband under federal law, *as well as her contractual rights as an employee* of the Defendant Diamond Products, which included vacation, personal and sick leave." (Compl. ¶ 16) (emphasis added). Based on this allegation, plaintiff argues that Count Two is based on a breach of contract theory and the doctrine of promissory estoppel. Plaintiff argues that her benefits of accrued vacation, personal, and sick leave are part of an implied contract with her employer.

4

The Court agrees with defendants that there is no legitimate basis for plaintiff to argue that she has pled a wrongful discharge claim based on breach of contract or promissory estoppel. Other than her reference to "contractual rights," the Complaint contains no allegations regarding a contract between plaintiff and defendants. There is no allegation of an express contract or even an implied contract. Further, plaintiff's argument in her brief that she had an implied contract is belied by Ohio's doctrine of employment at-will which permits the employer or employee to terminate the employment relationship for any reason. Nor does the Complaint contain any allegations regarding the elements of a promissory estoppel claim, including a clear and unambiguous promise by defendants or reasonable and foreseeable reliance by plaintiff.

Plaintiff also seems to argue that she was terminated for "inquiring" about her employment rights. But, the Complaint contains no such allegation and, in fact, alleges that plaintiff was terminated "because she requested time off to care for her husband." (Compl. ¶ 17) Plaintiff's discussion of cases which address an employee's right to contact an attorney to inquire about employment rights is inapposite.

For these reasons, Count Two is dismissed.

Plaintiff seeks punitive damages as to Count Two. "A number of courts previously have held that a plaintiff cannot recover punitive or emotional distress damages under the FMLA because neither are expressly provided for in [the statute]." *Smith v. Grady*, 960 F.Supp.2d 735 (S.D.Ohio 2013) (citations omitted). Plaintiff does not dispute that she cannot recover punitive damages under the FMLA, but asserts that her request is based on "an independent cause of action." (Doc. 13 at 6) Having found that Count Two does not assert a claim independent of the FMLA, plaintiff cannot recover punitive damages.

5

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss Plaintiff's Second Cause of Action and Claim for Punitive Damages is granted.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/27/14